UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EDUARDO SANTOS,<br>LYDIA CAMACHO,<br>EDUARDO SANTOS and<br>LYDIA CAMACHO as Parent and<br>Guardian of ES,<br>EDUARDO SANTOS as parent<br>of JS,<br>LYDIA CAMACHO as Parent<br>of IP<br>Plaintiffs, | ) | Case No. 23- cv-221-WES-PAS<br><br><br><br><br><br><br><br><br>**Claim of Jury Trial** |
| -v- | ) | |
| CITY OF PROVIDENCE,<br>by and through its acting treasurer,<br>Lance Cardillo,<br>STEVEN PARE, in his individual and<br>official capacity, HUGH T. CLEMENTS,<br>in his individual and official capacity,<br>JAMES BARROS, in his individual and<br>official Capacity, SEAN COMELLA,<br>in his individual and official capacity, and<br>Officers JOHN & JANE DOE, Alias 1-10,<br>in their individual and official capacities<br><br>Defendants. | ) | |

**PLAINTIFFS' RULE 16 STATEMENT**

This is a civil rights action for use of excessive, unnecessary, and unreasonable force which occurred on June 2, 2020, in Downtown Providence when Providence Police Officer Sean Comella, under color of law, without cause or justification, fired essentially a rubber type bullet, at Plaintiffs Eduardo Santos and Lydia Camacho as they sat in their vehicle at a red light as they

were passing through Kennedy Plaza during a public protest of police brutality and racism stemming from George Floyd's murder by a Minneapolis police officer on May 25, 2020.

As a direct result of the less-lethal gunshot wound to the head, Eduardo Santos nearly died, suffered a bifrontal subarachnoid hemorrhage, lost his left eye, suffered extensive facial and skull fractures, and was otherwise seriously and permanently injured.

Plaintiff makes numerous claims against the respective defendants which are more fully put forth in the complaint which include violations of his free speech rights under the First Amendment, retaliation for Plaintiff exercising his First Amendment Rights, Fourth amendment excessive force claims, Due process claims under the Fourteenth Amendment for the Failure of Defendants to properly provide orders and standards, or directives to their officers prior to Plaintiff being shot, with deliberate indifference to Plaintiffs' constitutionally protected rights, Supervisor Liability for the violation of Plaintiff's constitutional rights, Monell Liability based on the City's failure to properly train its officers on the use of the munition type that injured the Plaintiff despite repeated incidents of similar injury to members of the public, Negligence, Assault (which really should be battery), Mayhem, Negligent and infliction of emotional distress on Lydia Camacho and loss of consortium and Society claims.

Discussing the elements of each of these claims would put Plaintiff well over the four page limit for this statement. Counsel and the Court are, however, quite familiar with the applicable standards.

Expert discovery will be required in this case on the actions of the various officers, the City, and with respect to financial losses suffered by the Plaintiff who is essentially blind in one eye and now unable to work in any capacity.

Plaintiff would propose a scheduling order that put fact discovery out eight months, expert

disclosure thereafter, and then any dispositive motions that might be filed.

Plaintiff would welcome ADR at anytime.

Plaintiffs,
By their counsel,

/s/ Michael F. Campopiano
Michael F. Campopiano #7853
Law Offices of Michael F. Campopiano, Inc.
21 Douglas Avenue
Providence, RI 02908
(401) 288-3888
mfc@mfclaw.com

/s/ Sonja L. Deyoe
Sonja L. Deyoe #6301
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
SLD@the-straight-shooter.com

Date: April 29, 2024

CERTIFICATION

I hereby certify that a copy of the above was filed in the ECF system and a NEF was served on all parties of records on this 29th Day of April 2024.

/s/ Sonja L. Deyoe